■ In the Matter of JOHN B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, New York County (Sheldon Rand, J.) entered April 23, 1990, directing appellant's placement in a Title II facility of the New York State Division for Youth for a period of up to 12 months, upon a finding that appellant violated the conditions of a previously imposed 12 month sentence of probation rendered July 18, 1989, by committing acts on December 19, 1989 which, had those acts been committed by an adult, would constitute the crime of facilitation in the fourth degree, to

which appellant entered an admission on March 14, 1990, unanimously affirmed, without costs. The stay of execution of the April 23, 1990 Family Court order previously granted by this Court is hereby vacated.

Appellant was advised by the Family Court, at the time appellant entered an admission to assault in the second degree, as well as at the time of the resulting imposition of the 12 month probation placement on July 18, 1989, that if he should violate any condition of probation, the court would revoke probation and order a one year period of placement, with no exception. Appellant acknowledged his understanding of the court's advice.

It is undisputed that approximately five months after imposition of the probation sentence, appellant violated his probation by committing acts which, had they been committed by an adult, would constitute the crime of facilitation in the fourth degree, to which he entered an admission on March 14, 1990.

We perceive no abuse of discretion by the Family Court in ordering placement of appellant in a Title II facility for a period of up to one year, in accordance with the court's previous specific and acknowledged advice to appellant, following appellant's admission to a violation of probation (see, e.g., Matter of Thomas RR., 112 AD2d 584).

It is noted that, although not required by the relevant provisions of the Family Court Act (see, Family Ct Act § 360.3 [6]; Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 360.3), before ordering placement herein, the Family Court conducted a separate dispositional hearing, at which it considered appellant's updated probation and mental health reports, testimony of appellant's probation officer recommending placement, testimony of appellant's mother recommending non-placement, an offer of proof by appellant's attorney indicating that two social workers connected with a program in which appellant was participating would recommend non-placement (confirmed on the record by those two individuals), a recommendation of placement by a representative of the Division for Youth, and a statement by appellant in his own behalf. Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.