■ In the Matter of TAMMY JJ., a Person Alleged to be in Need of Supervision, Appellant. CORTLAND COUNTY PROBATION DEPARTMENT, Respondent.—Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered June 21, 1991, which, inter alia, in a proceeding pursuant to Family Court Act article 7, placed respondent in the custody of the Cortland County Department of Social Services.

Contrary to respondent's contention, the evidence before Family Court supported its disposition revoking respondent's probation and directing that she be placed in the custody of the Cortland County Department of Social Services. Respondent never denied that she violated the terms of her probation. In an updated psychological consultation, it was noted that the initial placement of respondent in home care following her adjudication as a person in need of supervision was at her mother's request and was conditioned on the family accepting treatment and respondent abiding by the terms of her probation. Almost immediately, however, respondent violated the conditions of her probation by running away, not attending school and failing to keep her appointments with her probation officer. Therapy was also never initiated. The record further reveals that after the violation of probation petition was filed, respondent was placed in a group home and then moved to a foster home where she continued to cause problems by fighting and stealing. After she ran away from the foster home she was arrested for petit larceny and again placed in the group home. The psychologist concluded that neither home care nor a group home was satisfactory and that respondent required a more structured residential treatment

program. This evidence establishes that the placement ordered by Family Court was the "least restrictive effective disposition and was best suited to meet respondent's particular psychological and educational service needs" *(Matter of Peter VV.,* 169 AD2d 995, 996; *see, Matter of John B.,* 177 AD2d 461).

We also reject respondent's contention that the violation petition was filed too soon and that it was not possible to determine whether her prescribed medication "could have truly been tested out". She claims that her problems were "organic" in nature. Respondent never raised this argument before Family Court. In any event, the predispositional report stated that her "inappropriate behavior [was] a result of family dysfunctions" and the initial psychological evaluation also attributed her problems to both "organic and psychological factors". There is no indication that respondent's problems were solely attributable to physical causes or that it was expected that drug therapy would solve her problems.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.