■ In the Matter of QUENTIN L., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [647 NYS2d 593] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We reject the contention of respondent that Family Court abused its discretion in directing that he be placed with the New York State Division for Youth. Respondent's placement is "the least restrictive available alternative * * * consistent with the needs and best interests of the respondent and the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; see, Matter of Edward V., 204 AD2d 1060).

The persistent failure of respondent to attend school, obey his mother, and abstain from self-destructive behavior, such as his membership in a gang and his use of marihuana, fully supports the court's determination to revoke respondent's probation and, in the absence of an available private facility, to place respondent in the custody of the New York State Division for Youth at an Option C nonsecure facility, pursuant to Family Court Act § 353.3 (3) (c), as the "least restrictive effective disposition * * * best suited to meet [his] particular psychological and educational service needs" (Matter of Peter VV., 169 AD2d 995, 996; see, Matter of Tammy JJ., 190 AD2d 913).

Respondent contends that reversal is required because the order of disposition specifies placement at an Option C nonsecure facility, yet he was placed at Lincoln Hall, a private facility. We disagree. Although the order refers only to placement pursuant to Option C, the court in its bench decision expressed its preference to place respondent at a private facility, such as Lincoln Hall. The court encouraged respondent and his mother to speak to "the people from Lincoln Hall to see if it's a program that you would find acceptable." The court went on to state that, "[i]f Lincoln Hall is not available or Berkshire Farms, then as I say, there are other fine programs that will meet the respondent's needs." Although respondent had not yet been placed at Lincoln Hall when the dispositional order was entered on February 1, 1996, he was transferred to Lincoln Hall shortly thereafter, on February 6, 1996.

The court's bench decision clearly manifests the intention to

place respondent at a private facility pursuant to Family Court Act § 353.3 (4). That provision was, however, omitted from the order. Where there is a conflict between a decision and order, the decision controls (*see, Matter of Edward V., supra; Di Prospero v Ford Motor Co.,* 105 AD2d 479). Here, there is a clear omission and, therefore, there is no conflict (*see, Calm Lake Dev. v Town Bd.,* 213 AD2d 979, 980). Further, an irregularity in an order that does not affect a substantial right of a party may be cured on appeal (*see,* CPLR 5019 [a]; *see generally,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.03), and here, no substantial right is affected.

We reject the contention of respondent that reversal is required. Reversal would necessitate placement according to the narrow terms of the order at a Division for Youth facility, an option respondent implicitly rejected by pursuing the opportunity to be placed at Lincoln Hall. Although respondent's placement at Lincoln Hall is not supported by a written order, amendment or modification of the order to include the omitted portion of the decision would effectuate the result that the parties "patently intended" (*Halloran v Virginia Chems.,* 41 NY2d 386, 394).

We therefore modify the order by inserting the words, "or with an authorized agency or class of authorized agencies pursuant to Family Court Act § 353.3 (4)", immediately before the words, "and it is further", in the second ordering paragraph.

We have considered respondent's remaining contention and conclude that it is without merit. (Appeal from Order of Monroe County Family Court, Kohout, J.—Juvenile Delinquency.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.