# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

144

KA 11-00064

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATHAN INSKEEP, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated November 19, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in granting the request of the Board of Examiners of Sex Offenders for an upward departure from defendant's presumptive level two risk to a level three risk. The court's determination is supported by clear and convincing evidence of " 'an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807). Defendant admitted that, while he was incarcerated in Texas, it was "common practice" to masturbate in the presence of female correction officers and that he therefore sought out women in public places in order to masturbate. Defendant was convicted of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), arising from an incident in which he entered a store and began to masturbate in front of a woman who was working alone late at night. He then attacked the woman when she attempted to force him to leave the store. Defendant was also charged in connection with two prior incidents of masturbating in public. Further, defendant had previously been convicted of a violent felony in Texas and was charged with the instant offense after absconding from parole supervision in Texas. Where, as here, " 'the risk of a repeat offense is high and there is a threat to the public safety, a level three designation is appropriate' " (*McCollum*, 41 AD3d at 1188;

*see* Correction Law § 168-*l* [6] [c]).

Entered:  January 31, 2012

Frances E. Cafarell
Clerk of the Court