# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

911

CA 12-01639

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

PHILLIP DEL NERO, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

MARK COLVIN, DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

BOUSQUET HOLSTEIN PLLC, SYRACUSE (ROBERT K. WEILER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (KEVIN R. VAN DUSER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 21, 2012.  The order granted the motion of plaintiff for leave to reargue, and upon reargument, the court adhered to its original order entered March 14, 2012.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion except insofar as it sought summary judgment dismissing the seventh cause of action and reinstating the second amended complaint to that extent and vacating the third and fourth ordering paragraphs, and by granting that part of plaintiff's cross motion with respect to the fifth cause of action, and as modified the order is affirmed without costs.

Memorandum:  The parties are financial planners who previously were associated with Ameriprise Financial Services, Inc. (Ameriprise). After Ameriprise advised plaintiff that his franchise was being terminated effective June 30, 2009, the parties entered into an "agreement for purchase and sale of practice" (Agreement), whereby defendant would purchase plaintiff's book of business for $511,000, to be paid at a rate of $7,000 per month over a 73-month period.  The Agreement contained a one-year covenant not to compete stating that, if plaintiff, his sister, his mother, "or anyone associated with these individuals solicits the clients covered under this Agreement, then, at the sole discretion of [defendant], as liquidated damages, all future payments from the date of any such contact under the terms of this Agreement will be considered paid in full and no future payments will be made."  Defendant made two payments under the Agreement, but then refused to make additional payments on the ground that plaintiff or his relatives had violated the covenant not to compete.  Plaintiff commenced this action seeking, inter alia, damages for breach of contract in the amount of the balance due under the Agreement and a

determination that the liquidated damages provision was an unenforceable penalty.  Defendant asserted a counterclaim for breach of contract and sought, among other relief, liquidated damages as well as "direct, incidental and/or consequential damages."

Plaintiff appeals from an order in which Supreme Court, upon granting plaintiff's motion for leave to reargue, adhered to its prior decision denying plaintiff's cross motion for summary judgment and granting defendant's motion for summary judgment dismissing the second amended complaint and for summary judgment on his counterclaim "solely to the extent that defendant . . . is discharged from any obligations under the contract."  The order further provided that defendant is not entitled to any damages on his counterclaim "over and above liquidated damages."

We conclude that the court erred in granting defendant's motion except for that part seeking summary judgment dismissing the second amended complaint with respect to the seventh cause of action, which sought damages for unjust enrichment.  In support of the motion, defendant contended, inter alia, that the covenant not to compete was reasonable and encompassed plaintiff's actions.  In order to establish his entitlement to summary judgment in this case, involving the interpretation of a contract, defendant had "the burden of establishing that the construction [he] favors is the only construction which can fairly be placed thereon" (*Arrow Communication Labs. v Pico Prods*., 206 AD2d 922, 923 [internal quotation marks omitted]; *see Morales v Asarese Matters Community Ctr.* [appeal No. 2], 103 AD3d 1262, 1263-1264, *lv dismissed* 21 NY3d 1033; *Kibler v Gillard Constr., Inc*., 53 AD3d 1040, 1042).  We conclude, however, that the covenant not to compete is ambiguous concerning the scope of the activity that is prohibited, e.g., whether the covenant not to compete prohibits plaintiff from providing his former clients with tax and business advice.  Inasmuch as defendant failed to meet his burden with respect to the scope of prohibited activity and thus whether plaintiff engaged in prohibited conduct, " 'the intent of the parties must be determined by evidence outside the contract,' rendering summary judgment at this juncture inappropriate" (*Suburban Tool & Die Co., Inc. v Century Mold Co., Inc*., 78 AD3d 1530, 1531).  With respect to the seventh cause of action, i.e., the quasi contract cause of action, however, we note that "the existence of a valid contract . . . generally precludes recovery in quasi contract for events arising out of the same subject matter" (*EBC I, Inc. v Goldman, Sachs & Co*., 5 NY3d 11, 23).  Here, the Agreement governs the sale of the practice, and thus the court properly granted that part of defendant's motion.  Consequently, we modify the order by denying defendant's motion except insofar as it sought summary judgment dismissing the seventh cause of action, and we vacate the third ordering paragraph, which granted in part defendant's motion for summary judgment with respect to the counterclaim.

We also agree with plaintiff with respect to defendant's counterclaim that the liquidated damages clause is an unenforceable penalty.  Liquidated damages are enforceable only to the extent that they constitute " 'an estimate, made by the parties at the time they

enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement' " (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380).  Typically, a liquidated damages clause is enforceable if the stipulated amount of damages "bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425; *see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 41).  However, if the clause provides for damages " 'plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced' " (*JMD Holding Corp.*, 4 NY3d at 380).

Here, although the amount of actual damages is incapable of precise estimation, the amount of liquidated damages was grossly disproportionate to the probable loss and was designed to penalize plaintiff for his interference with the Agreement, as well as the interference of others with the Agreement.  Moreover, the liquidated damages clause here eliminates the balance due under the Agreement based on minor breaches of the covenant not to compete such that it is an "unconscionable penalty and should not be enforced" (*Clubb v ANC Heating & A.C.*, 251 AD2d 956, 958).  We therefore further modify the order by vacating the fourth ordering paragraph, which in effect determined that the liquidated damages provision is enforceable.  We instead conclude that, in the event that it is determined that there was a breach of contract, the extent of the damages arising therefrom should likewise be determined by the trier of fact.

Finally, we note that the court properly determined in its decision that the covenant not to compete was unreasonable insofar as it purported to bind "independent third parties," i.e., plaintiff's sister or mother, or "anyone associated with" them, to the Agreement (*see generally Kraft Agency v Delmonico*, 110 AD2d 177, 181-184).  Although the order does not so specify, we conclude that the court thereby granted that part of plaintiff's cross motion with respect to the fifth cause of action, seeking a determination that the covenant not to compete was unenforceable to that extent (*see generally BDO Seidman v Hirshberg*, 93 NY2d 382, 394-395).  Where there is a conflict between the order and the decision upon which it is based, the decision controls (*see generally Matter of Edward V.*, 204 AD2d 1060, 1061), and the order "must be modified to conform to the decision" (*Waul v State of New York*, 27 AD3d 1114, 1115, *lv denied* 7 NY3d 705).  Thus, we further modify the order by granting that part of plaintiff's cross motion with respect to the fifth cause of action.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court