*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    517422
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CHRISTOPHER TUCKER,
                        Appellant.
_____

Calendar Date:   March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Martin J. McGuinness, Saratoga Springs, for appellant.

        Kevin C. Kortright, District Attorney, Fort Edward (Sara E.
Fisher of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the County Court of Washington
County (McKeighan, J.), entered July 23, 2013, which classified
defendant as a risk level II sex offender pursuant to the Sex
Offender Registration Act.

        Following a 2009 jury trial, defendant was convicted of
possessing a sexual performance by a child and perjury in the
first degree.  Prior to defendant's release from prison, the
Board of Examiners of Sex Offenders prepared a risk assessment
instrument that presumptively classified him as a risk level I
sex offender (50 points) under the Sex Offender Registration Act
(see Correction Law art 6-C).  The Board and the People
recommended an upward departure to risk level II based upon his
inappropriate behavior toward several underage girls.  County

Court conducted a hearing and agreed that an upward departure was warranted, classifying defendant as a risk level II sex offender. Defendant now appeals, arguing "that the record does not contain clear and convincing evidence to support 'the existence of an aggravating factor that was not adequately taken into account in the' risk assessment instrument such as to warrant an upward departure in the risk level" (People v Labrake, 121 AD3d 1134, 1135 [2014], quoting People v Gauthier, 100 AD3d 1223, 1225 [2012]).

We disagree and affirm. The People submitted reliable hearsay — in the form of the case summary, statements made by multiple children, grand jury testimony and the presentence investigation report — documenting that defendant had sexually abused at least one child (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 572-573 [2009]).[1] Moreover, while the risk assessment instrument did note defendant's prior conviction for endangering the welfare of a child, it did not address the fact that said conviction stemmed from his course of sexually inappropriate conduct toward young girls. Clear and convincing evidence accordingly established that the risk assessment instrument did not adequately account for defendant's pattern of offenses involving underage girls, and County Court properly classified defendant as a risk level II sex offender (see People v McElhearn, 56 AD3d 978, 979 [2008], lv denied 13 NY3d 706 [2009]; People v Mann, 52 AD3d 884, 885-886 [2008]).

McCarthy, Garry and Lynch, JJ., concur.

---

[1] As a result of his conduct, defendant faced a charge of sexual abuse in the first degree that was reduced to a misdemeanor and ultimately dismissed on speedy trial grounds. Contrary to his intimations, a dismissal under those circumstances is not a "determination that the acts alleged did not occur" and would not preclude County Court from considering evidence of the abuse (People ex rel. Pickett v Ruffo, 96 AD2d 128, 130 [1983]; see e.g. People v Lawrence, 64 NY2d 200, 205 [1984] [speedy trial motions do not involve "the ultimate determination of guilt or innocence"]).

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court