■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. DURYEE, Appellant. [12 NYS3d 731]—

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), entered January 9, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the determination that defendant is a sexually violent offender and as modified the order is affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration

Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in granting the People's request for an upward departure from risk level two, which was the presumptively correct risk level pursuant to his score on the risk assessment instrument. "The court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (*People v Sherard*, 73 AD3d 537, 537 [2010], *lv denied* 15 NY3d 707 [2010]), including "defendant's overall criminal history" (*People v Goodwin*, 126 AD3d 610, 611 [2015]). Here, defendant's criminal history includes a prior sexual offense against a child (*see People v Tucker*, 127 AD3d 1508, 1509 [2015]). The risk assessment instrument also did not take into account the fact that "at the time of the underlying offense defendant had already been adjudicated a level [one] offender" (*People v Faulkner*, 122 AD3d 539, 539 [2014], *lv denied* 24 NY3d 915 [2015]), and that defendant committed his most recent crime after having completed sex offender treatment.

Although defendant did not raise the issue, we note that there is a conflict between the order and the decision. As the court properly stated in its decision, defendant is not a sexually violent offender (*see* Correction Law § 168-a [3] [a] [i]), but the order thereafter issued by the court stated that defendant is a sexually violent offender. Where, as here, "there is a conflict between a decision and order, the decision controls" (*Matter of Quentin L.*, 231 AD2d 890, 891 [1996]; *see Del Nero v Colvin*, 111 AD3d 1250, 1253 [2013]; *Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]), "and the order 'must be modified to conform to the decision' " (*Del Nero*, 111 AD3d at 1253). We therefore modify the order by vacating the determination that defendant is a sexually violent offender. Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.