# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

850

KA 14-00398

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

STEPHEN M. DURYEE, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Livingston County Court (Dennis S.
Cohen, J.), entered January 9, 2014. The order determined that
defendant is a level three risk pursuant to the Sex Offender
Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the determination that
defendant is a sexually violent offender and as modified the order is
affirmed without costs.

Memorandum: On appeal from an order determining that he is a
level three risk pursuant to the Sex Offender Registration Act
(Correction Law § 168 *et seq*.), defendant contends that County Court
erred in granting the People's request for an upward departure from
risk level two, which was the presumptively correct risk level
pursuant to his score on the risk assessment instrument. "The court's
discretionary upward departure [to a level three risk] was based on
clear and convincing evidence of aggravating factors to a degree not
taken into account by the risk assessment instrument" (*People v
Sherard*, 73 AD3d 537, 537, *lv denied* 15 NY3d 707), including
"defendant's overall criminal history" (*People v Goodwin*, 126 AD3d
610, 611). Here, defendant's criminal history includes a prior sexual
offense against a child (*see People v Tucker*, 127 AD3d 1508, 1509).
The risk assessment instrument also did not take into account the fact
that "at the time of the underlying offense defendant had already been
adjudicated a level [one] offender" (*People v Faulkner*, 122 AD3d 539,
539, *lv denied* 24 NY3d 915), and that defendant committed his most
recent crime after having completed sex offender treatment.

Although defendant did not raise the issue, we note that there is
a conflict between the order and the decision. As the court properly
stated in its decision, defendant is not a sexually violent offender

(*see* Correction Law § 168-a [3] [a] [i]), but the order thereafter issued by the court stated that defendant is a sexually violent offender.  Where, as here, "there is a conflict between a decision and order, the decision controls" (*Matter of Quentin L*., 231 AD2d 890, 891; *see Del Nero v Colvin*, 111 AD3d 1250, 1253; *Matter of Edward V*., 204 AD2d 1060, 1061), "and the order 'must be modified to conform to the decision' " (*Del Nero*, 111 AD3d at 1253).  We therefore modify the order by vacating the determination that defendant is a sexually violent offender.

Entered:  July 2, 2015                      Frances E. Cafarell
                                            Clerk of the Court