*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521731
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL DAVIS,
                        Appellant.
_____

Calendar Date:   March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

                        _____


        John M. Hillman, Valatie, for appellant.

        Michael Cozzolino, Special Prosecutor, Claverack, for
respondent.

                        _____


Lahtinen, J.P.

        Appeal from an order of the County Court of Columbia County
(Koweek, J.), entered July 22, 2015, which classified defendant
as a risk level III sex offender pursuant to the Sex Offender
Registration Act.

        In 2013, defendant pleaded guilty to attempted sexual abuse
in the first degree, a felony, stemming from his sexual contact
at age 60 with a 10-year-old child, and was sentenced to one year
in jail.  After defendant's release from jail, the People
submitted a risk assessment instrument (hereinafter RAI) that
presumptively classified him as a risk level I sex offender, in
accordance with the Sex Offender Registration Act (see Correction
Law art 6-C [hereinafter SORA]).  The People requested a risk
level III assessment as an upward departure, as recommended in

the case summary, based upon defendant's 30-year criminal history. After a hearing, County Court agreed and classified defendant as a risk level III sex offender and a predicate sex offender (see Correction Law § 168-a [7] [c]). Defendant appeals.[1]

An upward departure from a presumptive risk level classification may be ordered where the People adduce clear and convincing evidence demonstrating that an aggravating factor exists that was not otherwise adequately taken into account by the offender's score under the risk assessment guidelines (see People v Gillotti, 23 NY3d 841, 861 [2014]). If the People do so, the SORA court makes a discretionary determination whether the overall circumstances warrant a departure to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness (see id.; People v Labrake, 121 AD3d 1134, 1135 [2014]). Here, the RAI assessed a total of 60 points against defendant — 30 points under risk factor 5 due to the victim being age 10 or less and 30 points for criminal history under risk factor 9 for his "[p]rior violent felony or misdemeanor sex crime or endangering welfare of a child." Defendant does not challenge the assessment of points under the RAI but, rather, argues that the upward departure was not supported by facts that were not already taken into account in scoring the RAI.[2] We disagree.

To that end, defendant's criminal history included his 1981 conviction for endangering the welfare of a child, which provided

---

[1] Previously, this Court dismissed defendant's appeal from the SORA classification because County Court's order had not been properly entered (130 AD3d 1131 [2015]). The record reflects that the order has now been properly entered (see CPLR 2220 [a]).

[2] To the extent that the People now argue that defendant should have been assessed 15 points under risk factor 14 because he was released without supervision, making him a presumptive risk level II sex offender, this argument was not raised at the hearing or in the case summary and, thus, it is not preserved for this Court's review (see People v Charache, 9 NY3d 829, 830 [2007]).

a basis for the assessment of 30 points under risk factor 9. However, the presentence report (hereinafter PSR) reflects a criminal history of additional sexually-related misdemeanor convictions, including public lewdness in 1981 and endangering the welfare of a child and sexual abuse in the third degree (based upon lack of consent) in 1998.[3]  Under the SORA guidelines, endangering the welfare of a child is considered a sex crime "because it generally involves sexual misconduct, especially when it is part of a plea bargained disposition" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]).  Defendant did not dispute the characterization by the Probation Department and the People that his misdemeanor crimes had a sexual component (see People v Freeman, 85 AD3d 1335, 1336 [2011]; People v Brown, 45 AD3d 1123, 1124 [2007], lv denied 10 NY3d 703 [2008]).  We find that County Court properly relied upon the uncontested PSR, RAI and case summary, which constitute reliable hearsay regarding defendant's past history of misconduct and satisfied the People's burden (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 573 [2009]; People v Adam, 126 AD3d 1169, 1170 [2015], lv denied 25 NY3d 911 [2015]; People v Muirhead, 110 AD3d 1386, 1387, lv denied 23 NY3d 906 [2014]; People v Curthoys, 77 AD3d 1215, 1216 [2010]).  Under these circumstances, the court's determination that the RAI score did not adequately reflect defendant's protracted and escalating criminal history and high risk of reoffending, and that an upward departure to a risk level III determination was warranted, are supported by the requisite clear and convincing evidence (see People v Muirhead, 110 AD3d at 1387; People v Fiol, 49 AD3d 834, 834-835 [2008], lv denied 10 NY3d 713

_____

[3]  The PSR also lists under defendant's legal history a 1984 arrest for sexual abuse in the first degree, a felony, for which he served three years of probation, but it does not reflect the disposition for that charge.  The Probation Department characterized this as a "previous conviction for a felony," which would have permitted a presumptive override to a risk level III designation (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4, 19 [2006]).  This matter was not addressed in the case summary or by the parties or County Court at the SORA hearing.

[2008]; People v Thornton, 34 AD3d 1026, 1027 [2006], lv denied 8 NY3d 806 [2007]; see also People v DeJesus, 117 AD3d 1017, 1018 [2014], lv denied 24 NY3d 902 [2014]; People v Newman, 71 AD3d 488, 488 [2010]).

McCarthy, Garry, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court