# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1044**
**KA 15-00727**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

            V                                   MEMORANDUM AND ORDER

DONALD E. GIFFORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered March 23, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The Board of Examiners of Sex Offenders (Board) assessed a score of 95 points against defendant, making him a presumptive level two risk, but recommended an upward departure to a level three risk on the ground that the risk assessment instrument did not adequately capture the totality of defendant's prior offending behaviors, which show a clear pattern of sexual offending behaviors toward young adolescent females, and which continued despite prior detection and sanctions. At the SORA hearing, the People requested that Supreme Court assess an additional 20 points under risk factor 7, for defendant's relationship with the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines], at 12 [2006]). The court granted the People's request and, alternatively, agreed with the Board that an upward departure was warranted in any event.

Contrary to defendant's contention, we conclude that the court properly determined that the People established by the requisite clear and convincing evidence that defendant established a relationship with the 14-year-old victim for the primary purpose of victimization (*see* *People v Washington*, 91 AD3d 1277, 1277, *lv denied* 19 NY3d 801; *cf. People v Izzo*, 26 NY3d 999, 1003), and thus that 20 points should be assessed under risk factor seven, resulting in a score of 115, a

presumptive level three risk (*see* Guidelines, at 3).  The People established that the victim was unknown to the 26-year-old defendant until he "revved" the engine of his car while the victim was walking nearby, and the victim then approached defendant, spoke with him, and told him her age.  The People further established that defendant and the victim engaged in sexual relations for a period of several months, beginning one week after they met; that those encounters occurred outside; and that defendant was in an age-appropriate relationship with another person during that time period.  Thus, "the record supports the determination of the court that defendant's primary purpose in establishing the relationship with the [14]-year-old girl was for the purpose of victimizing her" (*Washington*, 91 AD3d at 1277).

In any event, contrary to defendant's further contention, the court did not abuse its discretion in determining, alternatively, that an upward departure was warranted (*see People v Duryee*, 130 AD3d 1487, 1488).  The court properly determined that the alleged aggravating circumstances were not adequately taken into account by the guidelines (*see People v Gillotti*, 23 NY3d 841, 861), and that the People met their burden of "establishing that the alleged aggravating . . . circumstances actually exist" (*id.*).  The People established that defendant was previously convicted of endangering the welfare of a child after he engaged in sexual behavior with a child less than 17 years old, and that, while defendant was on probation for that offense, a nude 16-year-old girl was found in the trunk of his car. We also conclude that the court properly determined that, based on the totality of the circumstances, defendant poses a "risk of sexual recidivism" and an upward departure to a level three risk was warranted (*id.; see People v Inskeep*, 91 AD3d 1335, 1335).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court