People v Remonda (2018 NY Slip Op 00871)





People v Remonda


2018 NY Slip Op 00871


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

523459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT S. REMONDA, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Christopher M. Stanyon of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Fulton County (Hoye, J.), entered April 2, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty to rape in the second degree and was sentenced to a prison term of four years, followed by 10 years of postrelease supervision. The conviction stemmed from defendant's sexual contact with his 18-year-old cousin, who is mentally challenged. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C)
that presumptively classified defendant as a risk level two sex offender. The Board and the People, however, recommended an upward departure to a risk level three classification. Following a hearing, County Court determined that an upward departure to a risk level three classification was warranted. Defendant appeals.
We affirm. "An upward departure from the presumptive risk level is justified when" the People establish by clear and convincing evidence the existence of "an aggravating factor, not adequately taken into account by the risk assessment guidelines" (People v Wheeler, 144 AD3d 1341, 1341 [2016] [internal quotation marks and citations omitted]). "An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive [*2]risk level calculated on the [RAI]" (People v Ragabi, 150 AD3d 1161, 1161 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 919 [2017]). Once the People satisfy this burden, the "court makes a discretionary determination whether the overall circumstances warrant a departure to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness" (People v Davis, 139 AD3d 1226, 1226 [2016]).
Here, defendant was assessed a total of 30 points for criminal history under risk factor 9 due to having a conviction for a "[p]rior violent felony, misdemeanor sex crime or endangering the welfare of a child." However, defendant's criminal history included two sexually-related misdemeanor convictions. Specifically, defendant was convicted in 2000 for endangering the welfare of a child stemming from his sexual abuse of his then 10-year-old niece. In 2002, defendant was convicted of the reduced charge of sexual misconduct stemming from the rape of his estranged wife, who was suffering from multiple sclerosis. As a result of his 2002 conviction, defendant was already classified as a level two sex offender. Furthermore, in connection with the 2012 rape conviction, defendant obtained the victim's signature on a purported health care privacy "waiver," wherein he described himself as the victim's counselor, in an apparent attempt to prevent defendant's conduct from being disclosed. In view of the foregoing, we find that the People proffered clear and convincing evidence of aggravating factors — particularly regarding defendant's demonstrated capacity to be diverse in his sexual offending (against a mentally challenged individual, a physically helpless adult and a child) — which were not sufficiently taken into account by the RAI, and we find no abuse of discretion in County Court's determination that an upward departure was warranted (see People v Davis, 139 AD3d at 1228; People v Tucker, 127 AD3d 1508, 1509 [2015], lv denied 26 NY3d 902 [2015]).
We also find without merit defendant's contention that he was denied the effective assistance of counsel. Defense counsel successfully challenged the assessment of points on the RAI under risk factor 11 for use of alcohol and vigorously argued against an upward departure. "Viewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Lightaul, 138 AD3d 1256, 1258 [2016] [internal quotation marks, brackets and citation omitted], lv denied 28 NY3d 907 [2016]; see People v Nichols, 80 AD3d 1013, 1014 [2011]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.