People v Dawson (2025 NY Slip Op 06225)

People v Dawson

2025 NY Slip Op 06225

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

535715
[*1]The People of the State of New York, Respondent,
v
Malik Dawson, Appellant.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Peter Lynch, J.), entered May 9, 2022 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In July 2017, a jury convicted defendant of sexual abuse in the second degree and he was sentenced to seven years in prison, to be followed by 10 years of postrelease supervision. In preparation for defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 50 points, presumptively classifying him as a risk level one sex offender. The People prepared their own RAI assigning defendant 75 points, presumptively classifying him as a risk level two sex offender and asserting that an upward departure to a risk level three sex offender classification was warranted. Defendant challenged the People's assessment of points on certain risk factors and, alternatively, argued for a downward departure to a risk level one classification. Following the SORA hearing, Supreme Court scored defendant 70 points, presumptively classifying him a risk level one sex offender, but granted the People's request for an upward departure, classifying defendant as a risk level three sex offender and designating him a sexually violent offender. Defendant appeals, and we affirm.
Defendant's various challenges to Supreme Court's point assessments are academic, as eliminating all of the disputed points would not affect his presumptive risk level one classification (see People v Schultz, 234 AD3d 1143, 1144 [3d Dept 2025]; People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]). Turning to defendant's two-level jump in his sex offender classification, "[a]n upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Norris, 223 AD3d 1060, 1061 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Maurer, 220 AD3d 1061, 1062 [3d Dept 2023]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the [RAI]" (People v Courtney, 202 AD3d 1246, 1249 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see People v Shufelt, 223 AD3d 966, 968 [3d Dept 2024], lv denied 41 NY3d 909 [2024]). "When assessing whether an upward departure is warranted, the court may consider reliable hearsay evidence such as the case summary, presentence investigation report and RAI, as well as statements made by the victims to law enforcement, the defendant's past misconduct and any other proof that a reasonable person would deem trustworthy[*2]" (People v Furgeson, 230 AD3d 1488, 1489 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Correction Law §§ 168-d [3]; 168-n [3]).
Contrary to defendant's contention, Supreme Court properly considered the victim's grand jury testimony in its upward departure determination, as such testimony "has been deemed sufficiently trustworthy for SORA purposes" (People v Mingo, 12 NY3d 563, 573 [2009]). According to the victim, who was homeless at the time of the incident and supported herself by collecting returnable cans, defendant approached her on the street and struck up a friendly conversation. Defendant ultimately convinced the victim to accompany him to a nearby garage, falsely telling her that he had a large bag full of cans there that he would give to her. Once inside the garage, defendant forced the victim to perform a sexual act and subjected her to other degrading sexual conduct. In granting the upward departure, the court cited to the "predatory" nature of defendant's "violent and degrading conduct" on a homeless person. The court also acknowledged that defendant had been convicted of public lewdness twice in the month prior to the crime in question, reflecting an escalation in his criminal behavior from nonviolent to violent conduct. Under these circumstances, clear and convincing evidence supports the court's determination that aggravating factors tending to establish a higher likelihood to reoffend exist that were not taken into account by the RAI, namely the violent and predatory nature of his offense (see People v Wilkerson, 214 AD3d 683, 684 [2d Dept 2023]) and the escalation of his criminal conduct (see People v Davis, 139 AD3d 1226, 1228 [3d Dept 2016]), and that an upward departure to a risk level three classification was warranted (see People v Wilkerson, 214 AD3d at 685; People v Davis, 139 AD3d at 1228).
To the extent defendant argues that Supreme Court should have granted a downward departure based upon his proffered mitigating factors, the record does not reflect that he made exceptional progress in his sex offender treatment program, and he failed to establish by a preponderance of the evidence that his family support and educational progress while incarcerated reduce the likelihood of sexual recidivism or the danger he poses to the community (see People v Trovato, 222 AD3d 673, 675 [2d Dept 2023], lv denied 42 NY3d 913 [2025]; People v Ojeda, 216 AD3d 819, 820 [2d Dept 2023], lv denied 40 NY3d 906 [2023]). Defendant's remaining contentions, to the extent not addressed above, have been considered and deemed meritless.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.