■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BELMONT HAMMONDS, Appellant. [811 NYS2d 102]—

Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), entered January 27, 2005, which, after a redetermination hearing pursuant to Correction Law article 6-C and upon the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The County Court providently exercised its discretion in assessing 105 points, instead of the 110 points requested by the People (*see People v Masters*, 19 AD3d 387 [2005], *lv denied* 5 NY3d 709 [2005]; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]). This assessment resulted in a presumptive level 2 classification under the Sex Offender Registration Act, and is supported by clear and convincing evidence (*see People v Hitt*, 7 AD3d 813 [2004]). The County Court also providently exercised its discretion in making an upward departure from the presumptive level two adjudication (*see People v Dexter*, 21 AD3d 403, 404 [2005], *lv denied* 5 NY3d 716 [2005]). The defendant's bizarre behavior for two days after the sexual offense occurred, together with evidence of post-parole arrests and convictions and an alleged history of sexual abuse noted in the pre-sentence report, demonstrated the requisite aggravating factors warranting an upward departure to a level three designation (*see People v O'Flaherty*, 23 AD3d 237 [2005], *lv denied* 6 NY3d 705 [2006]). The defendant did not demonstrate evidence of any circumstances that would warrant a downward departure (*see People v Valentine*, 15 AD3d 463 [2005]).

The defendant's contentions raised in point two of his brief as to notice of upward departure are unpreserved for appellate review, and his remaining contentions in point two are without merit (*see People v Myers*, 306 AD2d 334 [2003]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.