THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FIOL, Appellant. [854 NYS2d 219]—

A departure from the presumptive risk level, as determined by the defendant's total risk factor score on the risk assessment instrument submitted by the New York State Board of Examiners of Sex Offenders (hereinafter the Board), is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines. The court's finding in this regard must be supported by clear and convincing evidence" (*People v Hands,* 37 AD3d 441 [2007] [internal quotation marks and citations omitted]).

Contrary to the defendant's contention, the Board's case summary, together with the information in the probation report, provided clear and convincing evidence that aggravating factors existed which were not fully taken into account by the guidelines, and which supported the Board's strong recommendation that an upward departure to a level three designation was warranted. Accordingly, the Supreme Court providently exercised its discretion in making an upward departure from the presumptive level one designation, as determined by the defendant's score, to a level three designation (*see People v Mudd,* 43 AD3d 1128, 1129 [2007]; *People v Hands,* 37 AD3d 441 [2007]; *cf. People v Burgos,* 39 AD3d 520 [2007]).

There is no merit to the defendant's contention that, in mak-

ing an upward departure as to the defendant's risk level determination, the Supreme Court was restricted to a one-level upward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4-5 [2006 ed]; *see also People v Thornton,* 34 AD3d 1026 [2006]; *People v Kwiatkowski,* 24 AD3d 878 [2005]). Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.