■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WORLEY, Appellant. [870 NYS2d 385]—

The New York Board of Examiners of Sex Offenders (hereinafter the Board) completed a risk assessment instrument to determine the defendant's sex offender status for purposes of the Sex Offender Registration Act (hereinafter SORA). The defendant was assessed a total of 75 points, making him a presumptive level two sex offender. However, the Board recommended an upward departure to a level three designation. After a hearing, the Supreme Court designated the defendant a level three sex offender. We affirm.

Contrary to the defendant's contention on appeal, children depicted in pornographic images are "victims" within the meaning of SORA (*see People v Johnson*, 11 NY3d 416 [2008], *affg* 47 AD3d 140 [2007]; *People v Villane*, 49 AD3d 517 [2008]; *People v Lawless*, 44 AD3d 738 [2007]). Thus, the defendant was properly assessed points for the age of his victims. However, as correctly conceded by the People, the defendant was erroneously assessed points for a history of drug or alcohol abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). Nevertheless, the Supreme Court providently exercised its discretion in upwardly departing from the defendant's presumptive sex offender level and designating him a level three sex offender based upon clear and convincing evidence of aggravating factors of a degree not taken into account by the risk assessment instrument and the guidelines (*see People v Villane*, 49 AD3d 517 [2008]; *People v Fiol*, 49 AD3d 834 [2008]).

The defendant's remaining contentions are without merit. Rivera, J.P., Spolzino, Carni and Leventhal, JJ., concur.