(September 24, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BARROW, Appellant. [886 NYS2d 117]—

Order, Supreme Court, New York County (Micki A. Scherer, J.), entered on or about April 17, 2007, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing risk factors bearing a sufficient total point score to support a presumptive level two adjudication, from which the court made an upward departure. The case summary and victim's statement constituted "reliable hearsay" (Correction Law § 168-n [3]) that satisfied the People's burden (see People v Mingo, 12 NY3d 563, 572-574, 576-577 [2009]; People v Hines, 24 AD3d 524 [2005], lv denied 6 NY3d 712 [2006]). However, the court should have assessed 10 points rather than 25 points for the sexual contact factor, since the record fails to establish that defendant subjected the victim to sexual intercourse or any of the other forms of sexual contact that would authorize an assessment of 25 points under the Risk Assessment Guidelines.

Even after reducing defendant's point score from 105 to 90, we conclude that the record supports the court's upward departure to level three, based on aggravating factors that were established by clear and convincing evidence and were not adequately taken into account by the risk assessment instrument (see e.g. People v Sullivan, 46 AD3d 285 [2007], lv denied

10 NY3d 704 [2008]). Defendant had been convicted of first-degree manslaughter, and committed the present offense .while on parole from that conviction. Furthermore, defendant's conduct was blatant and egregious. Among other things, he forced his 14-year-old daughter to become a prostitute by means that included threats to kill her mother, and he had a business card bearing a lewd photograph of his daughter and her friend that advertised their services as prostitutes.

Defendant's challenge to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders is unavailing (*see People v Bligen*, 33 AD3d 489 [2006], *lv denied* 8 NY3d 803 [2007]). We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.