Spain, J.
Appeal from an order of the County Court of Ulster County (Williams, J.), entered November 7, 2011, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Upon his guilty plea entered pursuant to a plea agreement, defendant was convicted of the crime of possessing a sexual performance by a child. The charge stemmed from his conduct on November 9, 2008 in viewing and displaying videos of sexual performances by children on computers visible to passers-by at a public library located on a college campus. While in jail following that plea, defendant was charged with assault in the second degree (of a correction officer) and, upon his release from jail and while awaiting sentencing, was arrested on March 5, 2009 for obstructing governmental administration and resisting arrest.[1] At sentencing, County Court (R. Sise, J.) determined that defendant’s postplea arrests and/or conduct had violated the terms and conditions of the plea agreement and imposed an enhanced sentence of lx/3 to 4 years in prison. On defendant’s direct appeal, this Court vacated the enhanced sentence and remitted for resentencing (101 AD3d 1350 [2012]).
Prior to defendant’s release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that presumptively classified him as a risk level one sex offender (45 points) under the Sex Offender Registration Act (see Correction Law art 6-C). The Board and *1155 the People recommended an upward departure to risk level two primarily based upon his postplea, presentencing conduct and arrests, as well as his conduct while later incarcerated on the enhanced sentence. After a hearing, County Court (Williams, J.) agreed that an upward departure was warranted and classified defendant as a risk level two sex offender, relying upon the documentary evidence, including the Board’s case summary, the plea minutes, the inmate disciplinary hearing results and watch commander activity report, and his criminal history. In upwardly designating defendant a risk level two sex offender, the court cited the nature of the instant offense, i.e., openly viewing child pornography in a manner that the passing public could see the images. The court also based its decision on defendant’s postplea conduct, which included the report and allegation that, while incarcerated on this plea and awaiting sentencing, defendant had openly masturbated while looking at photographs of children in his cell in full view of correction officers. The court found that “the brazen, open and public nature of . . . defendant’s deviant behavior palpably increases the risk that he will re-offend” and that “the risk assessment guidelines do not adequately take into account that aggravating factor.” Defendant now appeals from this determination.
We affirm. Under settled law, “[a]n upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence” (People v O’Connell, 95 AD3d 1460, 1460 [2012] [internal quotation marks and citation omitted]). Here, the People met their burden of establishing the proper risk classification by clear and convincing evidence (see People v Christie, 94 AD3d 1263, 1263 [2012], lv denied, 19 NY3d 808 [2012]). With respect to the risk factors related to the current offense(s) under section I of the RAI, the only points that could be assessed were under factor 5 for the “[a]ge of [the] victim” (30 points), based upon the fact that the young children depicted and victimized in the pornography being openly viewed by defendant were all under age 10. No factor took into consideration the very public and conspicuous display of these images brazenly in a library setting, which County Court rationally concluded reflected a lack of inhibition and insight into and concern for the inappropriateness of his conduct, increasing the likelihood that he would reoffend.
County Court further relied upon the postplea incident in jail, also a public display demonstrating defendant’s lack of control and inhibitions and his unabated proclivities. While defendant *1156 testified and denied this incident, the court found his testimony to be not credible and we discern no basis for disturbing that determination. Although defendant was assessed 10 points for unsatisfactory conduct while confined[2] under factor 13 of section III of the RAI for post-offense behavior, that did not adequately take into consideration that the conduct was not discovered inadvertently by correction officials but, rather, was exhibitionist or public in nature and was accompanied by defendant viewing photographs of young children reflecting his sexual preoccupation with them (see People v Freeman, 85 AD3d 1335, 1336 [2011]; People v Curthoys, 77 AD3d 1215, 1216 [2010]; People v Lesch, 38 AD3d 1129, 1130 [2007], lv denied 8 NY3d 816 [2007]). As the court, in upwardly departing from the presumptive risk classification, properly relied on factors not adequately taken into consideration by the RAI and the guidelines, its classification of defendant as a risk level two is amply supported in the record and should be affirmed (see People v O’Connell, 95 AD3d at 1461).
Defendant’s remaining claims lack merit. He made no good cause showing to warrant County Court assigning substitute counsel, and the denial of this request, following a sufficient inquiry, was not an abuse of discretion (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Linares, 2 NY3d 507, 510-511 [2004]; People v Phillips, 96 AD3d 1154, 1156 [2012], lv denied 19 NY3d 1000 [2012]). Finally, defendant has not demonstrated any error or improvidence in the court’s denial of his baseless motion for recusal (see People v Moreno, 70 NY2d 403, 405-406 [1987]; People v Oehler, 52 AD3d 955, 956-957 [2008], lv denied 11 NY3d 792 [2008]).
Rose, J.E, Stein and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.

. Defendant was also arrested for sexual abuse, a charge presented to the grand jury which returned a no bill, and County Court (Williams, J.) ruled that it would not he considered at the Sex Offender Registration Act hearing.

. Even if, under factor 13, defendant had been assessed the full 20 points for unsatisfactory conduct while confined “with sexual misconduct” (for a total of 55 points, still a presumptive level one), as he urges should have occurred instead of an upward departure, this factor still would not adequately take into consideration the public nature of this conduct and the use of children’s images to facilitate his arousal.