■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS M. CRUZ, Appellant. [974 NYS2d 538]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated July 5, 2012, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant was designated a level two sex offender pursuant to Correction Law article 6-C, upon the County Court's exercise of discretion to upwardly depart from the defendant's presumptive risk level. An upward departure from the presumptive risk level is warranted "where 'there exists an aggravating . . . factor of a kind or to a degree not otherwise adequately taken into account' " by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*People v Bowens*, 55 AD3d 809, 810 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Wyatt*, 89 AD3d 112, 120 [2011]; *People v White*, 25 AD3d 677 [2006]; *People v Dexter*, 21 AD3d 403, 404 [2005]; *People v Guaman*, 8 AD3d 545 [2004]). "[T]he cited aggravating factor must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (*People v Wyatt*, 89 AD3d at 123; *see People v Campbell*, 98 AD3d 5, 13 [2012]).

Here, the People presented clear and convincing evidence of the existence of aggravating factors not otherwise adequately taken into account by the SORA Guidelines, which established

a higher likelihood of reoffense and danger to the community. Specifically, the People proffered the defendant's admission to having sexually abused the victim on one prior occasion (*see People v Geier,* 56 AD3d 539 [2008]; *People v Hammonds,* 27 AD3d 441, 442 [2006]), as well as the public and conspicuous nature of the offense, which reflected the defendant's "lack of inhibition and insight into and concern for the inappropriateness of his conduct" (*People v Walker,* 105 AD3d 1154, 1155 [2013]). Based upon these aggravating factors, the County Court providently exercised its discretion in upwardly departing from the presumptive risk level (*see People v Worley,* 57 AD3d 753, 754 [2008]; *People v Villane,* 49 AD3d 517 [2008]). Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.