■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DEWOODY, Appellant. [6 NYS3d 290]—

Appeal by the defendant from an order of the County Court, Dutchess County (Greller, J.), dated February 7, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding pursuant to the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168 *et seq.*), the defendant was assessed a total of 100 points under the Risk Assessment Instrument. That total point assessment was near the top of the range for a presumptive level two designation. The County Court, however, upwardly departed from the presumptive risk level and designated the defendant a level three offender. The court predicated its departure on the evidence in the record, established by the defendant's own admissions, that the defendant had sexually abused two young girls eight years before his commission of the sex offenses that were the basis of this SORA proceeding.

A court is permitted to depart from the presumptive risk level if "special circumstances" warrant departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). An upward departure is permitted only if

the court concludes "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.* at 4; *see People v Gillotti,* 23 NY3d 841, 861 [2014]; *People v Worley,* 57 AD3d 753, 754 [2008]; *People v Fiol,* 49 AD3d 834, 834 [2008]; *People v Burgos,* 39 AD3d 520, 520 [2007]). In determining whether an upward departure is permissible and, if permissible, appropriate, a SORA court must engage in a multi-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the existence of that aggravating factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk or danger of reoffense, it may upwardly depart (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4; *see also People v Gillotti,* 23 NY3d at 861; *People v Ologbonjaiye,* 109 AD3d 804, 805 [2013]).

Here, the People satisfied their burden. An offender's commission of uncharged sex crimes may constitute an appropriate aggravating factor for purposes of an upward departure if, as here, those uncharged sex crimes have not been accounted for in the Risk Assessment Instrument (*see People v Gillotti,* 23 NY3d at 858; *People v Zimmerman,* 101 AD3d 1677, 1678 [2012]; *People v Jenkins,* 34 AD3d 352, 352 [2006]; *People v Seils,* 28 AD3d 1158, 1158 [2006]; *People v Hammonds,* 27 AD3d 441, 442 [2006]; *cf. People v Cruz,* 111 AD3d 685, 685-686 [2013]; *People v Geier,* 56 AD3d 539, 540-541 [2008]; *People v Fredlund,* 38 AD3d 636, 636 [2007]). Moreover, the defendant's own admission that he committed the uncharged sex crimes established the facts underlying the aggravating factor by clear and convincing evidence. The defendant's contention that expert testimony was required to establish that the defendant's commission of the earlier, uncharged sex crimes against young children indicated an increased risk of reoffense is without merit. The SORA Guidelines themselves recognize that the number of victims is related to the risk of reoffense (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 1, 10).

Finally, the SORA court did not improvidently exercise its discretion in concluding that the presumptive risk level

underassessed the defendant's risk of reoffense and thus that an upward departure was warranted (*see People v Jenkins*, 34 AD3d at 352; *People v Seils*, 28 AD3d at 1158; *People v Hammonds*, 27 AD3d at 442). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.