■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WILLIAMS, Appellant. [9 NYS3d 641]—

Appeal by the defendant from an order of the County Court, Nassau County (O'Brien, J.), dated February 10, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding pursuant to the Sex Offender Registration Act (hereinafter SORA; *see* Correction Law § 168 *et seq.*), the defendant was assessed a total of 105 points under the Risk Assessment Instrument (hereinafter RAI). That total point assessment was near the top of the range for a presumptive level two designation. The County Court, however, upwardly departed from the presumptive risk level and designated the defendant a level three offender. The court predicated its departure, in part, on the evidence in the record that, after his conviction on the sex crimes case, the defendant was convicted of a violent felony that he had committed before he committed the crimes that resulted in the sex crimes conviction. The RAI did not account for that violent felony.

A court is permitted to depart from the presumptive risk level if "special circumstances" warrant departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). An upward departure is permitted only if the court concludes "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.* at 4; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v DeWoody*, 127 AD3d 831 [2015]; *People v Worley*, 57 AD3d 753, 754 [2008]). In determining whether an upward departure is permissible and, if permissible, appropriate, a SORA court must engage in a multi-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the existence of that aggravating factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an under assessment of the risk or danger of reoffense, it may upwardly depart (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4; *see also People v Gillotti*, 23 NY3d at 861; *People v DeWoody*, 127 AD3d 831 [2015]).

Here, the People identified an aggravating factor not taken into account on the RAI but which bore on the risk of recidivism, namely the violent felony that the defendant committed before he committed the sex crimes underlying the SORA adjudication, and satisfied their burden of proving, by clear and convincing evidence, the facts supporting the existence of that aggravating factor. Further, the SORA court did not improvidently exercise its discretion in concluding that the presumptive risk level under assessed the defendant's risk of reoffense and thus, that an upward departure was warranted (*see People v DeWoody*, 127 AD3d 831 [2015]; *People v Jenkins*, 34 AD3d 352 [2006]). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.