■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON M. GABRIEL, Appellant. [12 NYS3d 243]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 19, 2014, which, after

a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding pursuant to the Sex Offender Registration Act (hereinafter SORA; *see* Correction Law § 168 *et seq.*), the defendant was assessed a total of 95 points on the Risk Assessment Instrument (hereinafter the RAI), resulting in a presumptive risk level two designation. The County Court, however, upwardly departed from the presumptive risk level and designated the defendant a level three offender. The court predicated its departure, in part, on the evidence in the record that the defendant had a prior youthful offender adjudication after initially being convicted of a felony sex crime, that he had a conviction for a violent felony offense, and that he had a conviction for a misdemeanor sex offense. Each of these convictions or adjudications independently required the assessment of 30 points under risk factor 9 (number and nature of prior crimes) (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]). Moreover, the defendant had convictions of several crimes that, although not classified as sex offenses under SORA, had sexual components bearing on the risk and danger of sexual recidivism.

A court is permitted to depart from the presumptive risk level if "special circumstances" warrant departure (*id.* at 4). An upward departure is permitted only if the court concludes "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.* at 4; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v DeWoody*, 127 AD3d 831 [2015]; *People v Worley*, 57 AD3d 753, 754 [2008]; *People v Fiol*, 49 AD3d 834, 834 [2008]). In determining whether an upward departure is permissible and, if permissible, appropriate, a SORA court must engage in a three-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the presence of that factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of the circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk or danger of reoffense, it may upwardly depart (*see* Sex Offender Registra-

tion Act: Risk Assessment Guidelines and Commentary at 4; *see also People v Gillotti*, 23 NY3d at 861; *People v DeWoody*, 127 AD3d at 831-832; *People v Ologbonjaiye*, 109 AD3d 804, 805 [2013]).

Here, the People satisfied their burden of proving by clear and convincing evidence the existence of circumstances not taken into account on the RAI but which bore on the defendant's dangerousness and risk of sexual recidivism. Accordingly, the SORA court was permitted, in its discretion, to upwardly depart from the presumptive risk level. Moreover, the court providently exercised its discretion in upwardly departing to designate the defendant a level three sex offender (*see People v DeWoody*, 127 AD3d at 831-832; *People v Jenkins*, 34 AD3d 352, 352 [2006]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.