■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v JOHN MANOUGIAN, Appellant. [17 NYS3d 507]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (St. George, J.), dated July 7, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

At the proceeding to determine the defendant's risk level under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court properly assessed the defendant 70 points, which resulted in a presumptive designation as a level one sex offender. The court, however, upwardly departed from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.

Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if "special circumstances" warrant a departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). An upward departure is permitted only if the court concludes, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines" (Guidelines at 4; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Worley, 57 AD3d 753, 754 [2008]; People v Fiol, 49 AD3d 834,

834 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]). In determining whether an upward departure is permissible and, if permissible, appropriate, the court must engage in a three-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the presence of that factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of the circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk or danger of reoffense, it may upwardly depart from that risk level (*see* Guidelines at 4; *People v Gillotti*, 23 NY3d at 861; *People v Gabriel*, 129 AD3d 1046, 1047-1048 [2015]). If, however, the People do not satisfy the first two requirements, the court does not have the discretion to depart from the presumptive risk level (*see People v Campbell*, 98 AD3d 5, 13-14 [2012]).

Here, the People did not meet their burden at the hearing. The People contended that the defendant's psychiatric history and the fact that the defendant's sex offense was committed in a group home constituted aggravating factors not adequately taken into account by the SORA Guidelines. The People failed to prove by clear and convincing evidence that the defendant's psychiatric history was related to his risk of reoffense (*see People v Mallaber*, 59 AD3d 989, 990 [2009]; *People v Burgos*, 39 AD3d 520, 520-521 [2007]; *cf. People v Richardson*, 101 AD3d 837, 839 [2012]). Additionally, they failed to establish, as a matter of law, that the particular setting of the defendant's crime was an aggravating factor not taken into account under the Guidelines (*see generally People v Gillotti*, 23 NY3d 841 [2014]). Finally, as the defendant contends, the court erred in sua sponte basing its decision to depart from the presumptive risk level on his parole violation occurring 10 years before he committed the sex offense and on two bench warrants, issued 14 and 18 years before he committed the sex offense. Those grounds for departure had never been raised, and the defendant was never afforded an opportunity to be heard on the issue of whether they were proper grounds for departure (*see People v Hackett*, 89 AD3d 1479, 1480 [2011]). In any event, it was not established by clear and convincing evidence that those circumstances were relevant to the defendant's risk of reoffense (*see generally People v Gillotti*, 23 NY3d 841 [2014]).

The parties' remaining contentions are either academic in

light of our determination (*see People v Fiol*, 49 AD3d at 834), or not properly before this Court (*see People v Marrero*, 52 AD3d 797, 799 [2008]).

Accordingly, the Supreme Court erred in departing from the presumptive risk level, and we designate the defendant a level one sex offender. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.