◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN CASSARLY, Appellant. [57 NYS3d 672]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 17, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

At a proceeding to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the County Court properly assessed the defendant 75 points, which resulted in a presumptive designation as a level two sex offender. The court, however, upwardly departed from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.

Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if "special circumstances" warrant a departure (SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). An upward departure is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (*see* Guidelines at 4; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Manougian*, 132 AD3d 746, 746 [2015]).

"Under SORA, a court must follow three analytical steps to

determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d at 861 [citations omitted]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*id.* [citations omitted]). If, however, the People do not satisfy the first two requirements, the court does not have the discretion to upwardly depart from the presumptive risk level (*see People v Manougian*, 132 AD3d at 747; *People v Campbell*, 98 AD3d 5, 13-14 [2012]).

Under the circumstances presented, the People did not meet their burden of proof with respect to the first two requirements. Therefore, an upward departure was not authorized (*cf. People v Chandler*, 48 AD3d 770 [2008]; *compare People v Riley*, 85 AD3d 1141 [2011], *with People v Richardson*, 101 AD3d 837, 839 [2012]; *People v Bogert*, 91 AD3d 925, 926 [2012]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.