Appeal by the defendant from an order of the Supreme Court, Nassau County (McDonald, J.), dated September 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In this proceeding under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court assessed the defendant, who was a retired police detective, 90 points on the risk assessment instrument (hereinafter the RAI), which was within the range for a designation, presumptively, as a level two sex offender. The court, however, upwardly departed from the presumptive risk level on the basis of, inter alia, the defendant’s use of his detective shield to separate the victim from his friends and to effect the victim’s acquiescence when the defendant ordered him to get into his car, purportedly to be brought in for questioning. The defendant contends that the court erred in departing from the presumptive risk level based on circumstances that were known to the Board of Examiners of Sex Offenders (hereinafter the Board) when it declined to recommend an upward departure.
 

 Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if “special circumstances” warrant a departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). A court may upwardly depart, however, only if it concludes, upon clear and convincing evidence, “that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account” by the Guidelines (Guidelines at 4; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Manougian, 132 AD3d 746, 746 [2015]; People v Worley, 57 AD3d 753, 754 [2008]; People v Fiol, 49 AD3d 834, 834 [2008]). In determining whether an upward departure is permissible and, if permissible, appropriate, the court must engage in a three-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the presence of that factor in the case before it. Upon the People’s satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of the circumstances relevant to the offender’s risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk of reoffense, it may upwardly depart from that risk level (see Guidelines at 4; People v Gillotti, 23 NY3d at 861; People v Manougian, 132 AD3d at 747; People v Gabriel, 129 AD3d 1046, 1047-1048 [2015]).
 

 Contrary to the defendant’s contention, a court may depart from the presumptive risk level if a departure is warranted, even on facts that were before the Board and even absent the Board’s recommendation for a departure (see People v Johnson, 11 NY3d 416, 421 [2008]). Here, the People identified and proved by clear and convincing evidence the presence in this case of a legitimate aggravating factor, namely the defendant’s use of his police shield to effect his commission of the sex offenses (see People v Kotler, 123 AD3d 992, 993 [2014]).
 

 Accordingly, the Supreme Court did not err in upwardly departing from the presumptive risk level and designating the defendant a level three sex offender.
 

 Balkin, J.P., Maltese, Bar-ros and Connolly, JJ., concur.