People v Mota (2018 NY Slip Op 06950)





People v Mota


2018 NY Slip Op 06950


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05543

[*1]People of State of New York, respondent,
v
Arquimedes Mota, appellant.


Richard D. Willstatter, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered April 19, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
Contrary to the defendant's contention, he was properly assessed 10 points under risk factor 12 (Acceptance of Responsibility) of the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) risk assessment instrument. The People established, by clear and convincing evidence at the SORA hearing, that the defendant showed no genuine acceptance of responsibility for his crime (see People v Vega, 79 AD3d 718; People v Murphy, 68 AD3d 832; People v Noriega, 26 AD3d 767; People v Whalen, 22 AD3d 900). Notably, even without the assessment of these points, the defendant's score placed him at a presumptive risk level two (see SORA: Risk Assessment Guidelines and Commentary at 3 [2007; hereinafter Guidelines]).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant established by a preponderance of the evidence facts in support of appropriate mitigating factors, namely, his age and medical condition. However, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure to risk level one. The defendant's age of 70 at the time of the hearing did not tend to reduce the risk of re-offense, since he committed the instant offense at the age of 68 (see People v Rodriguez, 146 AD3d 452; People v McFarland, 120 AD3d 1121). Furthermore, the defendant provided no evidence that his history of cancer might prevent him from repeating the offending behavior (see People v Stevens, 55 AD3d 892; People v Wragg, 41 AD3d 1273).
The Supreme Court erred, however, in granting the People's request for an upward departure. An upward departure is permitted only if the court concludes, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Guidelines at 4; see People v Gillotti, 23 NY3d at 861; People v Worley, 57 AD3d 753, 754; People v Fiol, 49 AD3d 834, 834; People v Burgos, 39 AD3d 520, 520). In determining whether an upward departure is permissible and, if permissible, appropriate, a SORA court must engage in a three-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the presence of that factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of the circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk or danger of reoffense, it may upwardly depart (see Guidelines at 4; see People v Gillotti, 23 NY3d at 861; People v Gabriel, 129 AD3d 1046, 1047). If, however, the People do not satisfy the first two requirements, the court does not have the discretion to depart from the presumptive risk level (see People v Campbell, 98 AD3d 5, 13-14).
In this case, the People failed at the hearing to identify "an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Guidelines at 4; see People v Gillotti, 23 NY3d at 861; People v Worley, 57 AD3d at 754; People v Fiol, 49 AD3d at 834; People v Burgos, 39 AD3d at 520). Specifically, the defendant's abuse of trust within a family relationship is already adequately accounted for by the Guidelines (see Guidelines at 12 n 8; People v Cook, 29 NY3d 121, 126).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court