People v Lewis (2019 NY Slip Op 04738)





People v Lewis


2019 NY Slip Op 04738


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-04319

[*1]People of State of New York, respondent,
v
Michael Lewis, appellant. Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated May 13, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, granted the People's application to upwardly depart from the defendant's presumptive risk level two designation, and designated him a level three sex offender. The defendant appeals.
"Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if special circumstances' warrant a departure" (People v Cassarly, 151 AD3d 1088, 1088, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). An upward departure is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861).
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d at 861). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. . . . If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id. at 361 [citations omitted]). If, however, the People do not satisfy the first two requirements, the court does not have the discretion to upwardly depart from the presumptive risk level (see People v Cassarly, 151 AD3d at 1089; People v Manougian, 132 AD3d 746, 747; People v Campbell, 98 [*2]AD3d 5, 13-14).
Here, although an attempt by the defendant to flee with the child he sexually assaulted would have been a proper aggravating factor (see People v DeDona, 102 AD3d 58, 69; People v Scott, 85 AD3d 890, 891), we agree with the defendant that the People failed to establish, by clear and convincing evidence, that he actually attempted to flee with the child. There were statements in the case summary and presentence investigation report to the effect that the defendant attempted to flee with the child after sexually assaulting her, but the accuracy of these statements was undermined by other more compelling evidence, including, inter alia, testimony given in the grand jury proceeding (see generally People v Mingo, 12 NY3d 563, 573). The remaining aggravating factors the People advanced at the hearing were adequately taken into account in the Guidelines (see Guidelines at 3-4, 12, 19; see also Correction Law § 168-a[9]; People v McKelvin, 127 AD3d 440, 440; People v Stein, 63 AD3d 99, 101), or were not supported by evidence demonstrating a causal connection to any risk of reoffense (see People v Robinson, 160 AD3d 1441, 1442; People v Manougian, 132 AD3d at 747; People v Burgos, 39 AD3d 520, 521).
The People's remaining contentions are without merit, and we need not reach the defendant's remaining contention in light of our determination.
Accordingly, the Supreme Court should not have granted the People's application for an upward departure from the presumptive risk level, and should have designated the defendant a level two sex offender.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court