People v Johnson (2022 NY Slip Op 01332)





People v Johnson


2022 NY Slip Op 01332


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2021-00544

[*1]The People of the State of New York, respondent, 
v
Charles Johnson, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Hayley Cohen on the brief), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 9, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2019, the defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. Prior to his scheduled release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 65 points, which would make him a presumptive level one sex offender. The Board did not recommend a departure from that risk level.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought, inter alia, the assessment of an additional 20 points under risk factor 13 (conduct while confined/supervised), which would make the defendant a presumptive level two sex offender. In addition, the People requested an upward departure to designate the defendant a level three sex offender. The defendant challenged the assessment of additional points under risk factor 13, as well as the upward departure. The defendant also requested a downward departure.
In an order dated November 9, 2020, the Supreme Court assessed the defendant a total of 85 points. In addition, the court granted the People's application for an upward departure and designated the defendant a level three sex offender. The court also denied the defendant's application for a downward departure. The defendant appeals.
Under the circumstances of this case, the defendant's contention that the 20 points assessed under risk factor 13 should be deducted from his total score based on the People's violation of the 10-day notice provision of Correction Law § 168-n(3) is without merit (see People v Quinones, 159 AD3d 424; see also People v Almonte, 171 AD3d 660). The People provided the defendant with timely notice of the factual predicate for that request, and, under the circumstances, he had a meaningful opportunity to respond to the application (see People v Baxin, 26 NY3d 6, 10; People v David W., 95 NY2d 130, 138).
Moreover, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure. The People demonstrated, by clear and convincing evidence (see People v Mingo, 12 NY3d 563, 574, 576-577), [*2]the existence of aggravating factors not adequately taken into account by the SORA Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d 841, 861-862; People v Wyatt, 89 AD3d 112, 123; SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]), including the fact that the defendant's 2011 conviction of attempted assault in the second degree involved a sexual component substantially similar to the instant offense (see People v Davis, 139 AD3d 1226, 1227-1228; People v Gabriel, 129 AD3d 1046, 1047; People v Faver, 113 AD3d 662, 663; People v Freeman, 85 AD3d 1335, 1336; People v Twyman, 59 AD3d 415, 416).
Also contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure, since he failed to demonstrate the existence of any mitigating factors not adequately taken into account by the Guidelines that tended to establish a lower likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d at 861; People v Roelofsen, 195 AD3d 962; People v Saintilus, 169 AD3d 838, 839; People v Santiago, 137 AD3d 762, 764-765).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court