People v Davila (2022 NY Slip Op 04983)

People v Davila

2022 NY Slip Op 04983

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-07550

[*1]People of State of New York, respondent,
v
Danny Davila, appellant. Mark Diamond, New York, NY, for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 20, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty in federal court to attempting to engage in illicit sexual conduct in foreign places in violation of 18 USC § 2423(c) and (e) in connection with an incident in which he attempted to solicit sex from an undercover agent in Cambodia whom he believed to be 17 years old, and arranged to have the undercover agent procure an 8-year-old child for sex with the defendant. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points, granted the People's application for an upward departure, and designated the defendant a level three sex offender. The defendant appeals.
The Supreme Court properly assessed 20 points under risk factor 3 for two victims, 30 points under risk factor 5 for the age of a victim being 10 or less, and 20 points under risk factor 7 for having a stranger relationship with the victim (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10-12 [2006] [hereinafter Guidelines]). Contrary to the defendant's contention, "the risk factors at issue here—3, 5, and 7—do not require actual, physical sexual contact between the offender and victim" (People v DeDona, 102 AD3d 58, 63; see People v James, 165 AD3d 850, 850-851). Further, the facts that the undercover agent was in reality an adult and that the eight-year-old child was fictitious do not negate the assessment of these points (see People v Kent, 175 AD3d 561, 563; People v Wise, 127 AD3d 834; People v DeDona, 102 AD3d at 65-66; see also People v McKenna, 186 AD3d 1542; People v Harris, 172 AD3d 922).
The Supreme Court also properly assessed 10 points under risk factor 12 for the defendant's failure to accept responsibility for his conduct (see Guidelines at 15-16). The People established by clear and convincing evidence (see Correction Law § 168-n[3]) that the defendant's most recent credible statements demonstrated that he minimized his culpability and denied responsibility for his sexual misconduct, notwithstanding that he had participated in a sex offender treatment program (see People v Gonzalez, 194 AD3d 1083; People v James, 99 AD3d 775, 775-776; People v Perry, 85 AD3d 890). The defendant's contention that the federal court's [*2]determination that he had accepted full responsibility for his actions constitutes collateral estoppel on the issue is unpreserved for appellate review and, in any event, without merit (see People v Aguilera, 82 NY2d 23, 29-30).
The Supreme Court providently exercised its discretion in granting the People's application for an upward departure. The People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 574, 576-577), the existence of aggravating factors not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d 841, 861-862; People v Wyatt, 89 AD3d 112, 123; Guidelines at 4), including the fact that the defendant's prior convictions, while not considered sex offenses under SORA (see Correction Law § 168-a[2]), all had sexual components bearing on the risk and danger of sexual recidivism (see People v Johnson, 203 AD3d 762, 763; People v Davis, 139 AD3d 1226, 1227-1228; People v Gabriel, 129 AD3d 1046, 1048).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court