People v Bamugo (2023 NY Slip Op 01202)

People v Bamugo

2023 NY Slip Op 01202

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-01567

[*1]The People of the State of New York, respondent,
v
Jeriah Bamugo, appellant. 

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Kenneth Cooper on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated September 23, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[1]) and assault in the second degree (id. § 120.05[3]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 60 points, resulting in his presumptive designation as a level one sex offender. The court then granted the People's request for an upward departure to designate the defendant a level two sex offender. The defendant appeals.
The defendant argues that the Supreme Court erred in granting an upward departure from his presumptive risk level. "An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is support by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 574, 576-577), the existence of an aggravating factor not adequately taken into account by the SORA Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see generally People v Gillotti, 23 NY3d at 861), namely, the defendant's subsequent criminal conduct following the underlying sex offense (see People v Amorin, 164 AD3d 1483, 1484; People v Arrunategui, 164 AD3d 1279, 1279-1280; see also People v Scott, 172 AD3d 766, 767). Moreover, upon determining [*2]the existence of this aggravating factor, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure (see People v Davis, 166 AD3d 820, 821; People v Williams, 128 AD3d 1038, 1039).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court