People v Washington (2023 NY Slip Op 05748)

People v Washington

2023 NY Slip Op 05748

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-01093

[*1]The People of the State of New York, respondent,
v
Antwone Washington, appellant.

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gary F. Miret, J.), dated January 31, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of conspiracy to commit sex trafficking of a minor (18 USC § 1591[a], [b][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 90 points, which corresponded with a designation as a presumptive level two sex offender. The court then granted the People's application for an upward departure from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.
"In establishing an offender's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Alvarado, 173 AD3d 909, 909; see Correction Law § 168-n[3]). "'[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Roache, 110 AD3d 776, 777, quoting People v Crandall, 90 AD3d 628, 629).
Here, as the People correctly concede, the Supreme Court's calculation of the defendant's total risk factor score was inconsistent with the aggregate total of points assessed by the court in each of the risk factor categories. However, as the record is sufficient for this Court to makes its own findings of fact and determinations of law, remittal is not required to calculate a new presumptive point total (see People v Lyons, 199 AD3d 722, 723; People v Finizio, 100 AD3d 977, 977). The record demonstrates that the defendant should have been assessed 15 points for risk factor 9 and 15 points for risk factor 11, as the defendant conceded at the SORA hearing. The assessment of these points, in addition to the other points assessed by the court, results in a total risk factor score of 90 points, as properly found by the court.
"An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Lavelle, 172 AD3d 1568, 1569 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Jackson, 139 AD3d 1031, 1032; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure. The People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 574, 576-577), the existence of aggravating factors not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d at 861-862; Guidelines at 4), including, namely, the defendant's use of social media to advertise and promote his sex trafficking activities (see generally People v Agarwal, 96 AD3d 1450, 1451; People v Barrow, 65 AD3d 942, 942-943), and his subsequent criminal conduct following the underlying offense (see People v Bamugo, 214 AD3d 743, 744). Further, the court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure from the presumptive risk level two designation (see People v Gillotti, 23 NY3d at 861; People v Burkhardt, 215 AD3d 696, 697; People v Bamugo, 214 AD3d at 744).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court